ALVIN J. JOHNSON et al., Appellants, *v.* ROBERT W. DONNELL et al., Respondents.

Plaintiffs were the owners of certain sight drafts drawn on defendants. P., who was plaintiffs' confidential clerk and book-keeper, and had authority to receive payments for them in the course of their business, indorsed the drafts "For deposit in the Broadway National Bank." A messenger boy in plaintiffs' employ, who had been directed by them to obey the orders of P., by his direction took the drafts to defendants' office and received payment in money; this he paid over to P., who appropriated it. In an action for alleged conversion of the drafts, *held*, that the indorsement did not confer apparent authority upon the boy to receive payment; but that as P. had such authority, the delivery of the money to him was a valid payment to plaintiffs.

(Argued June 19, 1882; decided October 10, 1882.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made February 12, 1881, which affirmed a judgment in favor of defendants, entered upon the report of a referee. (Reported below, 15 J. & S. 187.)

This action was brought to recover damages for the alleged conversion of seven sight drafts drawn upon plaintiffs.

The material facts are stated in the opinion.

SICKELS — VOL. XLV.    1

*Payson Merrill* for appellants. Even if plaintiffs were negligent it cannot avail the defendants. (*People* v. *The Bk. of N. A.*, 75 N. Y. 547.) Plaintiffs' instructions were equivalent to express directions, not to take money for the draft. (*Doubleday* v. *Kress*, 50 N. Y. 410.) Neither Payne nor Heilbut had apparent authority to receive the money, and the plaintiffs are not estopped from showing want of actual authority. (*People* v. *Bk. of N. A.*, 75 N. Y. 547; *Doubleday* v. *Kress*, 50 id. 410.) The rule that where an agent is authorized to do an act, third persons are not bound by private instructions as to the manner of exercising his power, is not applicable here. (Story on Agency [9th ed.], 9, note; *Doubleday* v. *Kress*, 50 N. Y. 410; *Hatch* v. *Taylor*, 10 N. H. 538.)

*Rastus S. Ransom* for respondents. Before they can recover plaintiffs must show that the defendants committed a wrong. (*Walter* v. *Bennett*, 16 N. Y. 250.) Plaintiffs have no cause of action against defendants *ex contractu*. (*Bk. of Lowville* v. *Edwards*, 11 How. 216; Abb. Plea Forms, 151; 39 N. Y. 216; 1 Daly, 500; 49 Barb. 221; 17 Wend. 508; 1 Am. L. R. 219; 30 How. 190; 6 Abb. Dig. 49; 1 Johns. Cas. 205; 3 Bosw. 505, 513; 2 R. S. [Banks' 6th ed.] 1160, § 6; *Lunt* v. *Bk. of N. A.*, 49 Barb. 229; 30 How. 190; 1 Daly, 500; 6 N. Y. 412; 5 Bosw. 341; 11 Paige, 617; 5 Hill, 413; affirmed by 7 id. 517; 3 Comst. 251; id. 115; 1 Seld. 530; 2 id. 417; 3 Denio, 553; 5 Hill, 432; 2 Wend. 548; 17 id. 508; 60 N. Y. 151; 12 Wend. 593; 5 id. 414; 4 Hun, 96, 97.)

RAPALLO, J. The referee has found that the drafts in controversy were paid by the defendants to the plaintiffs. This finding is excepted to, and the only question in the case is whether there is any evidence to sustain the finding.

It is conceded that the drafts were paid by the defendants to a messenger boy in the employ of the plaintiffs. This boy had been directed by the plaintiffs to obey the orders of their confidential clerk and book-keeper, Payne. By direction of Payne

the boy took the drafts to the office of the defendants, and there received payment of them in money, and returned and paid the money over to Payne.

The boy had no apparent authority to receive payment of the drafts. They were payable at sight to the order of the plaintiffs, but were indorsed specially by Payne for the plaintiffs, "For deposit in the Broadway National Bank." This indorsement did not confer apparent authority on the boy to receive payment. The defendants must, therefore, rely upon proofs of actual authority, or that the money reached the hands of the plaintiffs or their authorized agent.

We think that there is evidence in the case of authority in Payne to receive the money, and that this fact, if established, sustains the finding that the drafts were paid to the plaintiffs. Mr. Johnson, one of the plaintiffs, testified that Payne received money at plaintiffs' office, for debts due the plaintiffs; that "he was the confidential clerk and received money and receipted bills right along," and that he had authority to do so; and in the affidavit made by Mr. Johnson on the prosecution of Payne for embezzlement, he states that Payne was clerk and book-keeper, and that a part of his duties was to receive and keep account of money paid or remitted to the deponent in the transaction of his business. The evidence is, we think, sufficient to sustain a finding by the referee that Payne was authorized to receive money payable to the plaintiffs in the course of their business, and that a payment to him was a good payment to the plaintiffs; consequently, that although the payment to the boy was irregular in the first instance, yet when the boy returned to the office with the money and paid it over to Payne, his receipt of it was a valid payment to the plaintiffs. Had the boy absconded with the money, it would have been more difficult to sustain the defense.

The judgment should be affirmed.

All concur.

Judgment affirmed.